# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | Case No.: 5:19-cr-484-LCB-SGC |
| | ) | |
| **JAMEY EUGENE ARWOOD,** | ) | |

## ORDER

Defendant Jamey Eugene Arwood has been indicted on one count of possession with intent to distribute fifty grams or more of methamphetamine in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(a). Defendant has filed a Motion to Suppress (Doc. 12),[1] arguing that (1) the search warrant was issued without probable cause because the warrant application was silent on the freshness of the supporting evidence, (2) the affidavit relied on unsubstantiated hearsay, and (3) the statements made by Defendant following the search should be excluded as fruit of the poisonous tree. In response, the Government conceded ambiguities in the agent's affidavit but contended that the only common-sense interpretation of the affidavit nevertheless supported a finding of probable cause, and that, even if the affidavit failed to support a probable-cause finding, the search was valid because the good-faith exception to the exclusionary rule applies. (Doc. 15 at 7).

---

[1] Defendant's motion (Doc. 11) was filed on November 8, 2019 and amended four days later to include the search warrant application and affidavit in exhibit. It is the amended Motion to Suppress (Doc. 12) the Court now considers.

On December 10, 2019, U.S. Magistrate Judge Staci G. Cornelius held an evidentiary hearing on Defendant's Motion to Suppress. (Minute Entry dated December 10, 2019). The Magistrate Judge issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), concluding that it was not necessary to decide whether probable cause existed because the government had met its burden of proving that the good-faith exception to the exclusionary rule applies. (Doc. 18). Defendant has filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 19).

When a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the District Court must conduct a de novo review of those portions of the report to which the party has specifically objected. 28 U.S.C. § 636(b)(1). The Court reviews the unchallenged portions of the Magistrate Judge's report for clear error. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

Having reviewed de novo the portions of the report to which Defendant specifically objected and the balance of the report for clear error,[2] the Court concludes that the Magistrate Judge's Report and Recommendation (Doc. 18) should be **ACCEPTED** and **ADOPTS** it as the findings and opinion of the Court.[3]

---

[2] In conducting its review, the Court considered the entire record, including the Motion to Suppress (Doc. 12), the Government's response (Doc. 15), a transcript of the suppression hearing, the Report and Recommendation (Doc. 18), Defendant's objections (Doc. 19), and the relevant authorities.

[3] While the Court fully agrees with the Magistrate Judge's recommendations, it adopts the report only to the extent that it concludes that the Government has met its burden of proving that

Defendant's Motion to Suppress (Doc. 12) is **DENIED**, and the objections to the Report and Recommendation (Doc. 19) are **OVERRULED.**

**DONE** and **ORDERED** this February 10, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

the good-faith exception to the exclusionary rule applies and the search was valid. Because the Magistrate Judge declined to analyze whether the search warrant issued upon probable cause, the Court does not opine on the validity of the search warrant.